HENRY L. FOSS, and others,

*vs.*

ETIENNE R. DESJARDINS, and others, and LAND and BUILDINGS.

Androscoggin.    Opinion April 7, 1904.

*Liens,* on land and buildings.    Lost by delay in filing notice or bringing action within time provided by statute.    *R. S. 1883, c. 91,* §§ *32–34.*

Proceedings to enforce lien claims upon land and buildings for materials furnished will become invalidated by delay in bringing the action for more than ninety days after notice of the claim has been filed, as provided in R. S. 1883, c. 91, § 34.

The same result follows from failure to file the notice of a lien claim within forty days after the lienor ceases to furnish materials.    *Ib.* c. 91, § 32.

Exceptions by land owner.    Sustained.

Action to enforce a lien of the plaintiffs against the land and buildings of Herbert W. Robinson.

The case appears in the opinion.

*Tascus Atwood,* for plaintiffs.

It was superfluous to give any dates in the certificate and certainly if the certificate would have been good without dates, the mere fact that the blinds were furnished one week later than the date in the certificate in no way prejudiced the owner's rights, for the amount claimed included the blinds and the date of the delivery of the blinds was within forty days of the filing of the certificate.    The writ was dated within ninety days from November twentieth and the ruling of the justice for judgment against the property as well as against the principal defendant was right and in accordance with law.

It requires very little to make a valid notice.    *Ricker* v. *Joy,* 72 Maine, 108; *Durling* v. *Gould,* 83 Maine, 134.

The law does not require that the items making up the materials shall be given, consequently if plaintiffs in particularizing omitted

blinds, but the amount covered them, no harm was done the owner, and again R. S. 1883, c. 91, § 33, would cure this inaccuracy (if inaccuracy it was). It might well be claimed the expression "outside finish" would include blinds, but the shorter step is the fact the legislature designed by sec. 33 that a lienor's rights should not be lost by an inaccuracy "if the same can be reasonably recognized."

*W. H. White, Seth M. Carter,* for defendants.

*D. J. McGillicuddy and F. A. Morey,* for land owner.

SITTING: WISWELL, C. J., WHITEHOUSE, POWERS, PEABODY, SPEAR, JJ.

PEABODY, J. This is an action to enforce the lien of the plaintiffs upon land and buildings owned by Herbert W. Robinson, in the City of Lewiston, for materials furnished in the erection of the buildings under a contract with the defendants.

The account annexed to the writ between the plaintiffs and the defendant contractors was referred to an auditor, who reported that the amount due from the defendants to the plaintiffs was $297.59; that the last item for the buildings described in the writ, one lot of blinds and trimmings, was delivered November 20, 1902; that the item next preceding was a shelf delivered November 11, 1902, found to be a gift from the defendants without any knowledge on the part of the plaintiffs that it was to be a gift; and that the item next preceding this was delivered November 10, 1902.

The presiding justice rendered judgment for the plaintiffs for the sum of $296.07 and interest from the date of the writ, which was February 9, 1903, and a lien judgment against the premises for a like amount.

To the rulings of the court, the owner of the land and buildings filed exceptions.

The item of November 11, 1902, could not create a lien, as it was not a part of the materials furnished for the buildings, and it was properly disallowed by the court. All the other items found due by the auditor were allowed and entered into the lien judgment.

The statutory notice of the plaintiffs' claim was filed in the city clerk's office December 20, 1902.

The contract between the plaintiffs and the defendants was not an entire contract but embraced a series of items, as appears by the auditor's report.  These items were correlated only as being furnished for the same buildings and in the aggregate forming an inchoate lien claim in favor of the sub-contractors, which could be preserved only by observing the requirements of the statute which create the lien.

It was indispensable that the notice of the claim should be filed in the city clerk's office within forty days after the claimants ceased to furnish materials, and that the suit should be commenced within ninety days after the last materials were furnished.  Sections 32 and 34, chap. 91, R. S. 1883.

The auditor's report finds that the last item, except the one disallowed by the court delivered subsequently to November 10, 1902, was furnished November 20, 1902.  This item, being beyond the dates which the plaintiffs' notice includes, "from July 1, 1902, to November 13, 1902," cannot be proved as part of the plaintiffs' lien claim.  Consequently the suit in reference to the date of the last item provable was fatally late, and the lienors' rights were thereby lost.

Section 33, chap. 91, R. S. 1883, does not apply, and the reasoning of the court in *Durling* v. *Gould*, 83 Maine, 134, and *Wescott* v. *Bunker*, 83 Maine, 499, does not sustain the contention of the plaintiffs.  The proceedings were invalidated not by technical inaccuracies in the notice, but by delay in commencing the suit which dissolved the lien.

*Exceptions sustained.*